```
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION
```

KALVIN EVANS                                              PLAINTIFF

v.                         CIVIL ACTION NO. 3:19-cv-157-DCB-JCG

ROGER'S TRUCKING, INC. and
TAMMY NADY                                               DEFENDANTS

ORDER

This matter is before the Court on Defendants, Roger's Trucking, Inc. ("Roger's Trucking") and Tammy Nady ("Nady")'s Motion for Judgment on the Pleadings (Doc. 33); Plaintiff Kalvin Evans ("Evans")'s Response (Doc. 39); and Defendants Roger's Trucking and Nady's Reply (Doc. 40). Having considered the motion, the response, memorandum in support, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court GRANTS Roger's Trucking and Nady's Motion for Judgment on the Pleadings (Doc. 33).

**Background**

This case arises from a vehicular accident that occurred on or about October 4, 2018. Plaintiff Evans was traveling north on Terry Road while, at the same time, Defendant Nady was traveling east bound on Highway 80. Evans alleges that Nady failed to yield the right of way and caused a collision between the two vehicles.

1

Evans filed a complaint in state court, alleging multiple theories of liability as to Defendant Nady and Defendant Roger's Trucking. After removing the case, Defendants filed a motion to dismiss all of Plaintiff's independent tort claims against Roger's Trucking and the Plaintiff's claim for punitive damages against Nady.

Defendants have admitted that Nady's simple negligence caused the collision and that Roger's Trucking is vicariously liable. However, Plaintiff Evans brings other claims of general negligence and negligent entrustment against Roger's as well as a punitive damage claim against Roger's and Nady. Defendants have filed a Motion for Judgment on the Pleadings, asserting that there is no factual basis for the allegations to support any of the Plaintiff's remaining claims. Doc. 40.

### Standard of Review

Rule 12(c) motions are judged by the same standards as a Rule 12(b)(6) motion. See Bass v. Hirschbach Motor Lines, Inc., No. 3:14-cv-360-TSL-JCG, 2014 WL 5107594, *2 (S.D. Miss. Oct. 10, 2014)(citing In re Great Lakes Dredge & Dock Co., 624 F.3d 201, 209 (5th Cir. 2010)). Therefore, to survive a Rule 12(c) motion to dismiss, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009). The factual allegations must be

enough to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When evaluating a motion to dismiss, the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. See Great Lakes, 624 F.3d at 210.

## Discussion

Defendants argue that the Plaintiff's Complaint fails to assert a factual basis for the claims of general negligence, negligent entrustment, and punitive damages. In his Complaint, the Plaintiff alleges that Roger's Trucking: failed to properly train Nady; failed to develop and maintain a fleet management program; violated state and federal laws and regulations as to the operation of a commercial vehicle; failed to develop, implement, and/or enforce reasonable and prudent safety policies for the protection and safety of the public; failed to adhere to and abide by federal and state laws and regulations in regard to the maximum number of driving hours and hours of work for drivers; and failed to perform an adequate pre-employment background check before hiring Nady. Doc. 1-1.

**General Negligence Claims/Negligent Entrustment**

Mississippi courts have "consistently dismissed independent negligence claims against an employer who admits vicarious liability for an employee's actions." See Roberts v. Ecuanic

Exp., Inc., No. 2:12-cv-84-KS-MTP, 2012 WL 3052838, *2 (S.D. Miss. July 25, 2012). Courts dismiss independent claims against employers because evidence pertaining "to issues of negligent hiring, entrustment, supervision, or maintenance becomes superfluous and possibly unfairly prejudicial" after an employer has admitted vicarious liability. "Proof of negligent entrustment or the like… is unnecessary and duplicitous at best, and at worst, could provide unduly prejudicial evidence that is ultimately irrelevant." Welch v. Loftus, 776 F.Supp.2d 222, 225 (S.D. Miss. 2011). It is "unnecessary for a plaintiff to present evidence of negligent entrustment, or for that matter negligent hiring or training, where the defendant employer admits vicarious liability." Curd v. Western Express, Inc., Civ. Nos. 1:09-cv-610-LG-RHW, 1:09-cv-774-LG-RHW, 2010 WL 4537936, *2 (S.D. Miss. Nov. 2, 2010).

Therefore, as Roger's Trucking has admitted it is liable and that Nady acted in the course and scope of her employment at all relevant times, the independent negligence claims against Roger's Trucking are "superfluous and possibly unfairly prejudicial." As such, the independent negligence claims against Roger's Trucking should be dismissed. The Plaintiff failed to address this argument in his Response to Defendants Motion for Judgment on the Pleadings, but, in fact quoted case law that

supports the argument for dismissing the general negligence claims against Roger's Trucking.

**Punitive Damages**

The Plaintiff argues that Roger's Trucking's admission of vicarious liability does not affect the viability of his punitive damages claim. Evans relies on Roberts to support its claim for punitive damages, "… a plaintiff's independent claims for punitive damages against an employer may proceed despite the employer's admission that its employee was acting in the course and scope of employment." 2012 WL 3052838 at *2.

While this is a correct statement of the law, it does not accurately respond to the Defendants' argument. Defendants do not argue that the punitive damages claim should be dismissed because Roger's Trucking admitted vicarious liability. Instead, the Defendants request that the Court dismiss the punitive damages claims because the Plaintiff failed to adhere to the pleading requirements as set forth under Iqbal and Twombly.

Punitive damages may be awarded only if the claimant proves by clear and convincing evidence that the defendant "acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others or committed actual fraud." Miss. Code Ann. §11-1-65. Although it is not necessary for a complaint to include detailed factual allegations, a "plaintiff's obligation to provide the 'grounds'

5

of his entitlement to relief requires more than labels and conclusions." Twombly, 550 U.S. at 555. A Plaintiff cannot merely put forth a "formulaic recitation of the elements of a cause of action." Id. "Simple negligence is not of itself evidence to support punitive damages." Williams v. Duckett, 991 So.2d 1165, 1177 (Miss. 2008). Evans has failed to allege conduct by Roger's Trucking or Nady that rises to the level of "gross negligence which evidences a willful, wanton or reckless disregard for the safety of others."

## Conclusion

Plaintiff's independent negligence claims against Roger's Trucking are dismissed because Roger's Trucking admitted vicarious liability for the accident, therefore, the Plaintiff's claims of independent negligence fail as a matter of law. The following claims of negligence and/or gross negligence against Roger's Trucking are dismissed: (1) hiring, supervising and retaining Tammy Nady, (2) failing to properly train Tammy Nady, (3) failing to develop and maintain a fleet management program, (4) violating state and federal laws and regulations as to the operation of a commercial vehicle, (5) failing to develop, implement, and/or enforce reasonable and prudent safety policies for the protection and safety of the public, (6) failing to adhere to and abide by federal and state laws and regulations in regard to the maximum number of driving hours and hours of work

6

for drivers, (7) failing to perform an adequate pre-employment background check before hiring Tammy Nady, (8) negligent entrustment of its commercial vehicle to Tammy Nady, and (9) other acts of negligence.

Plaintiff's claim against Nady and Roger's Trucking for punitive damages is dismissed for failure to plead the necessary factual allegations.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Defendants' Motion for Judgment on the Pleadings is hereby GRANTED as herein provided.

SO ORDERED this the 18th day of October, 2019.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE