```
            UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
KALVIN EVANS                                          PLAINTIFF

v.                            CIVIL ACTION NO. 3:19-cv-157-DCB-JCG

ROGER'S TRUCKING, INC. and
TAMMY NADY                                           DEFENDANTS
```

Order

This matter is before the Court on Defendants Roger's Trucking, Inc. ("Roger's Trucking") and Tammy Nady ("Nady")'s Motion for Partial Summary Judgment [ECF No. 60] and Amended Motion for Partial Summary Judgment [ECF No. 97] on Plaintiff's Medical Damages Claims from Dr. Dinesh Goel and/or the Medical Clinic of Mississippi.

Background

This case arises from a motor vehicle accident that occurred on October 4, 2018, in Jackson Mississippi. At the time of the accident, Roger's Trucking had employed Nady to drive a tractor-trailer. Plaintiff Kalvin Evans ("Evans"), who was driving north on Terry Road, alleges that Nady, who was traveling east bound on Highway 80, ran a stop sign and caused a collision between the two vehicles. Because of the accident, Evans went to the Medical Clinic of Mississippi and saw Dinesh Goel, M.D. (collectively, "The Clinic") for medical treatment. The total cost of Evans' treatment was $18,884.58. The Clinic and Evans entered into the following payment agreement ("the First Assignment"):

1

> "I, Kalvin Evans (PATIENT) hereby grant and assign to Medical Clinic of Mississippi and/or Dinesh Goel, M.D. ("The Clinic"), all rights to payment of The Clinic's charges for my medical treatment by The Clinic from my claim for personal injury which occurred on or about Oct. 4 2018 (ACCIDENT). . . . I hereby further give a lien on my case to The Clinic for the amounts owed to The Clinic against any and all proceeds of any settlement, judgment, or verdict for my personal injury claim which may be paid to you, my attorney, or myself, as the result of the injuries for which I have been treated or injuries connected within... In exchange for the assignment and lien agreed to herein, the undersigned, on behalf of The Clinic, agrees to forgo any rights The Clinic may have to collect from the patient, except via any settlement, judgment, or verdict as discussed above." [ECF 60-1].

The First Assignment states that there is both an "assignment and lien." It also states that The Clinic will not pursue collection against Evans, except via a settlement, judgment, or verdict.

Defendants moved to join Dr. Goel and the Medical Clinic of Mississippi as necessary parties to the suit as a result of The Clinic's partial assignment of the claim. [ECF No. 47]. Under Mississippi law, "[t]he general rule is that where there has been a partial assignment leaving the assignor owner of a part of the claim, an assignee, in bringing suit, should join either as complainants or defendants all the parties in interest, so that the entire matter may be settled at one time, and a single decree may determine the duty to each claimant, and protect the rights and interests of each party in interest." Hull v. Townsend, 186 So.2d 478, 480 (Miss. 1966). Magistrate Judge John C. Garguilo

found that the executed agreement between Evans and The Clinic consisted of an assignment and a lien, noting that:

> Here, there is a written agreement indicating that it is an assignment and "further" a lien. (ECF No. 57-1). An assignment and a lien are different mechanisms. An assignment is "a transfer of rights or property from one party (the 'assignor') to another (the 'assignee'), in which the assignor intends to vest in the assignee a present right in the thing assigned. The transfer must be so far complete as to deprive the assignor of his or her control over the thing assigned." 1 MS Prac. Encyclopedia MS Law § 7:1 (2d ed.) (citing Serv. Fire Ins. Co. of N.Y. v. Reed, 220 72 So. 2d 197, 198 (1954). A lien is a "legal right or interest that a creditor has in another's property, lasting usu[ally] until a debt or duty that it secures is satisfied." Black's Law Dictionary (11th ed. 2019). "The term 'lien', as generally used, is a charge or encumbrance upon property to secure the payment or performance of a debt, duty, or other obligation. It is distinct from the obligation which it secures." United States v. Phillips, 267 F.2d 374, 377 (5th Cir. 1959) (citing 53 C.J.S. Liens §1, p. 826).

See [ECF No. 67]. Accordingly, pursuant to Federal Rule of Civil Procedure 19(a)(2), Magistrate Judge Garguilo found that The Clinic was a necessary party and ordered the Plaintiff to add Dr. Goel and Medical Clinic of Mississippi as parties to this lawsuit. See id.

On December 2, 2019, Plaintiff Evans filed a Motion for Reconsideration of the Order to join non-parties. [ECF No. 69]. Evans also filed an assignment ("The Second Assignment") of claims in which The Clinic assigned to Evans all of its rights, claims, title, and interest in and to The Clinic's charges for medical treatment to Evans arising from:

> "his 2018 motor vehicle accident and claim for personal injury and any claims or causes of action that Kalvin Evans has asserted, is asserting, or will assert in the cause of action in the United States District Court for the Southern District of Mississippi, Northern Division style[d] <u>Kalvin Evans v. Roger's Trucking, Inc. and Tammy Nady</u>."

[ECF No. 68-1]. Magistrate Judge Garguilo found that, "[b]y executing the new assignment, [T]he Clinic and Dr. Goel have relinquished ownership interest in Plaintiff's right to payment of [T]he Clinic's and Dr. Goel's charges for Plaintiff's medical treatment arising from Plaintiff's 2018 motor vehicle accident." [ECF No. 94]. Accordingly, on April 24, 2020, Magistrate Judge Garguilo granted the Motion to Reconsider and held that the Plaintiff is not required to add The Clinic and Dr. Goel as parties.

This Court allowed the parties to submit additional briefing to address the reconsidered order's impact on the Motion for Partial Summary Judgment. Having read the additional briefing, the Court finds that the motion for partial summary judgment is now ripe for review.

## Standard of Review

A party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The Court is not permitted to make

4

credibility determinations or weigh the evidence at the summary judgment stage of litigation. See Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009)(citing Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2010)). All facts and inferences must be made in "the light most favorable to the nonmoving party." See Sierra Club, Inc. v. Sandy Creek Energy Assoc., L.P., 627 F.3d 134, 138 (5th Cir. 2010)(citation omitted).

## Discussion

Defendants argue that Evans' medical bills from Dr. Goel are not actual economic damages under Mississippi law. "'Actual economic damages' means objectively verifiable pecuniary damages arising from," among other things, "medical expenses and medical care." Miss. Code Ann. § 11-1-60(1)(b). Defendants claim that "the only 'objectively verifiable' medical expense is one which is willingly paid by the payor and willingly accepted by the provider as complete payment." [ECF No. 61] at p. 4. Defendants assert that "phantom" medical bills that "no one has paid, and that neither Plaintiff was liable to pay, cannot be considered 'actual economic damages.'" [ECF No. 61] at p. 4.

**Collateral Source Rule**

Mississippi adheres to the "collateral source rule," which states that a defendant tortfeasor is "not entitled to have damages for which he is liable reduced by reason of the fact that the

plaintiff has received compensation for his injury by and through a totally independent source, separate and apart from the defendant." Central Bank of Mississippi v. Butler, 517 So.2d 507, 512–513 (Miss. 1987). The collateral source rule is a substantive rule of law, as well as an evidentiary rule. The Fifth Circuit has explained the rule as follows:

> In its simplest form, the rule asks whether the tortfeasor contributed to, or was otherwise responsible for, a particular income source. See Bourque v. Diamond M. Drilling Co., 623 F.2d 351, 354 (5th Cir. 1980). If not, the income is considered "independent of (or collateral to) the tortfeasor", and the tortfeasor may not reduce its damages by that amount. [Davis v. Odeco, Inc., 18 F.3d 1237, 1243 (5th Cir. 1994)]. **In practice, the rule allows plaintiffs to recover expenses they did not personally have to pay.** See id. Without the rule, however, a third-party income source would create a windfall for the tortfeasor. Id. at 1244. Thus, the rule reflects a policy determination: better a potential windfall for the injured plaintiff than the liable tortfeasor. See Restatement (Second) of Torts § 920A cmt. b. (Am. Law Inst. 1979) ("[I]t is the position of the law that a benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor")."

Deperrodil v. Bozovic Marine, Inc., 842 F.3d 352, 358–59 (5th Cir. 2016)(emphasis added).

"Sources of compensation that have no connection to the tortfeasor are inevitably collateral." Davis v. Odeco, Inc., 18 F.3d 1237, 1244 (5th Cir. 1994). The Mississippi Supreme Court has discussed the expansive nature of the rule, stating: "Accordingly, the plaintiff's recovery will not be reduced by the fact that the medical expenses were paid by some source collateral to the

defendant such as by a beneficial society, by members of the plaintiff's family, by the plaintiff's employer, or by an insurance company." Clary v. Global Marine, Inc., 369 So.2d 507, 509 (Miss. 1979)(internal citations omitted). "Several courts within this district have held that the collateral source rule encompasses gratuitous medical care, expenses written off by medical care providers, and adjustments to medical bills." Rodriguez v. GPI MS-N, Inc., No. 1:15-cv-255-RHW, 2017 WL 2835749, at *1 (S.D. Miss. Jun. 1, 2017).

Defendants rely on Justice Smith's dissent in Brandon HMA, Inc. v. Bradshaw, to support their claim that the collateral source rule is inapplicable to these facts. See 809 So.2d 611 (Miss. 2001)(J. Smith dissenting). In Bradshaw, the medical provider argued on appeal that the trial judge erred by allowing the plaintiff to recover the full amount of her medical bills, despite the fact that Medicaid had "written off" a portion of the bills. The Mississippi Supreme Court rejected that argument and "held that Medicaid payments, like insurance payments or any other sort of collateral-source payments, cannot be used by a defendant 'to reduce the cost of its own wrongdoing.'" Chickaway v. United States, 2012 WL 3236518, at *1 (S.D. Miss. 2012)(citing Bradshaw, 809 So.2d at 618). Justice Smith's dissent in Bradshaw, states:

> A plaintiff may not be compensated for damages he has not suffered. Bradshaw did not pay the excess expenses, and neither did Medicaid pay them on her behalf. The

7

> policy behind the collateral source rule simply does not apply where the plaintiff has incurred no expense, obligation, or liability in obtaining the services for which he or she seeks compensation. A recipient of free medical care provided at the expense of taxpayers should not be able to recover the excess from the tort feasor and pocket the windfall. As have other jurisdictions dealing with this question, I would hold that there is no right to recover medical expenses extinguished by operation of the statutes governing Medicaid.

The Defendants argue that Justice Smith's reasoning should extend to the facts before the Court. However, the Mississippi Supreme Court disagreed with Justice Smith's interpretation of the collateral source rule. Additionally, the dissent is narrowly tailored to the statutes governing Medicaid, which are not at issue in this case.

Defendants next argue that the Legislative intent behind the enactment of tort reform, which includes Miss. Code Ann § 11-1-60 (1972), was "to dispense with a legal scheme that punished defendants by allowing windfalls to the plaintiff instead of a fair award of compensation." [ECF No. 61] at 6. Although Mississippi has enacted various tort reform measures, "it has not sought to abolish or limit the collateral source rule." Chickaway, 2012 WL 3236518, at n.19. Courts continue to apply the policy considerations that support the collateral source rule. Stated simply, "[i]f there is a windfall from which one is to benefit, the injured plaintiff and not the tortfeasor should receive that windfall." Id.

Therefore, payments that are made, "either voluntarily or contractually, by a third party who was not a joint tortfeasor would not serve to diminish the tortfeasor's liability." MS Prac. Trial Handbook for Lawyers § 32:28 (3d ed.)(citing Am. Jur. 2d, Damages § 566). Stated another way, "a tortfeasor cannot use the moneys of others (insurance companies, gratuitous gifts, etc.) to reduce the cost of its own wrongdoing." McGee v. River Region Medical Center, 59 So.3d 575, 581 (Miss. 2011)(quoting Brandon HMA, Inc. v. Bradshaw, 809 So.2d 611, 618 (Miss. 2001)); see also, Clary v. Global Marine, Inc., 369 So.2d 507, 510 (Miss. 1979)(reversing a lower court decision that failed to apply the collateral source rule when an employer voluntarily paid the medical expenses of its employee, writing "Exxon's voluntary payment of these items should not have been allowed to operate in reduction of [Plaintiff's] recovery against [the Defendant]").

Here, The Clinic is an independent source that is separate from the Defendants. Any indemnification or decision by The Clinic to forgo collection of Evans' medical bills should not reduce the damages or costs, if any, caused by Roger's Trucking and Nady. The fact that Evans may not be personally liable to The Clinic does not negate the applicability of the collateral source rule, which can apply even if an injured party is wholly indemnified for his loss. While Evans has not yet paid The Clinic and will only pay upon receipt of a judgment or settlement, such monetary damages

are determinable. This is true regardless of whether Evans must pay his medical bills. If there is a windfall from which one of the parties is to benefit, the injured plaintiff and not the tortfeasor should receive that windfall.

**Unreasonable Medical Expenses**

The Defendants also claim that Evans' medical damages are not "objectively verifiable" because The Clinic's medical bills are "fictitious ab initio or inflated in anticipation of litigation." The Clinic referred Evans to Open MRI, a third-party diagnostic clinic, for MRIs. See [ECF No. 60] at p. 3. The Clinic charged Evans $3,500.00 per MRI, while paying Open MRI merely $500 per MRI. Id. Defendants assert that the medical bills are inflated because of Dr. Goel's "practice of charging excessive amounts for third party diagnostic procedures Dr. Goel never performed in his office but instead contracted out to others at a lower price." [ECF No. 61] at p. 4.

Concerns over unnecessary or unreasonable medical bills can be contested during trial. "Proof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that such bills so paid or incurred were necessary and reasonable." Miss. Code Ann. § 41-9-119. However, the statute does not "cut off the right of a defendant to controvert the presumption established by the introduction of such bills," and to present testimony regarding

10

"the reasonableness of the charges for medical expenses." McCay v. Jones, 354 So.2d 1095, 1101–1102 (Miss. 1978). "[T]he opposing party may rebut necessity and reasonableness by 'proper evidence' and then the question is for the jury." Boggs v. Hawks, 772 So.2d 1082, 1085 (Miss. Ct. App. 2000)(citing Jackson v. Brumfield, 458 So.2d 736, 737 (Miss. 1984)). Therefore, this is not an issue to be decided through summary judgment.

## Conclusion

For the reasons discussed above, the collateral source rule applies to the instant case. Therefore, the fact that The Clinic is indemnifying Evans – absent a judgment, verdict, or settlement – does not disqualify his medical bills from being classified as actual economic damages. As to the concern over The Clinic inflating the costs of the medical bills, that issue is best addressed at trial.

Accordingly,

IT IS HEREBY ORDERED that Defendants Roger's Trucking, Inc. and Tammy Nady's Motion for Partial Summary Judgment on Plaintiff's Medical Damage Claims [ECF No. 60] and Amended Motion for Partial Summary Judgment [ECF No. 97] are DENIED.

SO ORDERED this the 7th day of July, 2020.

___/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE